IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BETTY WARREN, WIDOW OF
AND ADMINISTRATOR OF THE
ESTATE OF WILLIAM RICHARD
WARREN, Deceased                                                                    PLAINTIFF

v.                                              CASE NO. 4:22-CV-388-LPR

FEDERAL NATIONAL MORTGAGE
ASSOCIATION                                                                      DEFENDANT

<u>PROTECTIVE ORDER</u>

Comes on now to be heard the application of the parties for a Protective Order to protect the confidentiality of certain documents produced solely for the purposes of this litigation, and the Court, acting upon the stipulation of counsel for the entry of this Order, hereby orders the following:

1.      Confidential Material, as later defined herein, and obtained by any party in this action, shall be used only for the purpose of this litigation and for no other purposes, and shall not be given, shown, made available or communicated to anyone except Qualified Persons, as herein defined. If any confidential material or documents subject to this Order are used in any court proceeding in this litigation, it shall not lose its confidential status through such use, and the party using it shall take all reasonable steps to maintain its confidentiality during such use.

2.      "Confidential Material" is material that the designating party considers in good faith to be confidential information relating to: trade secrets or proprietary business or personal information which, if disclosed, might adversely affect the competitive position or business operations of the party producing the materials, or invade the privacy rights of any person. Each party that designates information or items for protection under this Protective Order must take care

to limit any designation to specific material that qualifies under the appropriate standards. The designator shall mark the word "Confidential" on each page of each document so designated when it is produced or served, or, in the case of Confidential Material contained in or on media other than paper, by affixing such a label to the information or by using best efforts to designate the information as Confidential Material.

3.      If a party challenges a designation, it must give written notice to the designator, and the party and the designator must try to resolve any challenge in good faith on an informal meet-and-confer basis. If the challenge cannot be informally resolved, the challenging party may seek appropriate relief from the Court by motion; however, the burden of proof shall be on the designator. The material will be treated as Confidential Material until the challenge has been resolved. A designation-dispute motion must not be filed until counsel has made a good faith effort to resolve the dispute. Upon the filing of such motion, a response should be filed promptly. A conference call will be scheduled to resolve such matters if the Court deems it necessary.

4.      In the case of depositions, confidential portions of the transcript and any exhibits must be designated within 20 calendar days after receipt of the transcript by (1) stamping "Confidential" on the pages containing Confidential Material and (2) notifying all parties and the deponent in writing of the page and line numbers that have been designated as Confidential Material. In the absence of an agreement on the record or in writing, or a Court order to the contrary, all deposition testimony is Confidential Material until the expiration of the 20 days.

5.      Except with prior written consent, or pursuant to further order of this Court on motion with notice to the opposing party, no Confidential Material may be disclosed to any person other than "Qualified Persons," meaning Plaintiff, Plaintiff's counsel, Defendant (and its employees involved in this action), Defendant's counsel, employees of counsel for the parties (to

the extent necessary), experts, witnesses who testify at trial or at deposition in this lawsuit, court reporters, and other court personnel.  Notwithstanding the foregoing, the Court and Court staff may view Confidential Material.

6.      Counsel shall take steps to ensure that all "Qualified Persons," including witnesses, understand the terms of this Protective Order, that they are bound by this Protective Order, and that they are enjoined from disclosing any Confidential Material they may review or learn during this litigation. Qualified Persons other than the parties, their employees, their counsel, and their counsels' employees, must sign the attached "Agreement to be Bound" before receiving confidential material. Counsel must keep the signed Agreements to be Bound for one year after the litigation is finally concluded.

7.      Pursuant to Fed. R. Evid. 502, the inadvertent production, without designation as Confidential Material, of a document or information intended to be designated or that should have been designated as being Confidential Material shall not waive the right to so designate such document or information. Any information or documentation that is inadvertently not designated as being Confidential when produced shall be, upon written request of the producing party, thereafter treated as being designated as Confidential under this Order.

8.      This Order, insofar as it restricts the communication and use of Confidential Material in any way, shall continue to be binding through and after the conclusion of this litigation. At the conclusion of this action, including all appeals:

        a.      Upon request by the designator, the parties holding Confidential Material
        must take all reasonable steps necessary to reclaim all Confidential Material,
        including correspondence, memoranda, notes or any other documents embodying
        such information, in whole or in part.

b.      Counsel and all Qualified Persons are enjoined from disclosing in any manner any Confidential Material obtained during the course of this proceeding.

Further, within 60 days after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment, or appeal, Confidential documents and all copies in print (other than exhibits of record), on computer disc, or in any type of electronic format shall be destroyed or returned to the party that produced them. This provision in no way abrogates counsels' obligations under the Arkansas Rules of Professional Conduct or counsels' right to retain a copy of all case filings and work product. This provision also does not apply to Confidential Material within the possession of the Court, although it does apply to any copies of such material not in possession of the Court.

9.      This Order shall not be modified, vacated, suspended, appealed, or otherwise altered without further order of the Court. Use of any Confidential Materials subject to this Order in discovery, at trial, or in any other manner shall not alter the obligations set forth in this Order. The Court shall retain jurisdiction over this Order for purposes of enforcement and adjudication of claims concerning alleged breaches of its provisions. Such jurisdiction shall end one year after the later of (1) the entry of a final order dismissing this case, or (2) the termination of any appeal in this case. Any violation of this Order by any person subject to its terms may result in the imposition of sanctions against the violator, the party by whom the violator is employed, or both.

10.     Neither the agreement to or the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action or any other action.

11.     Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial. Issues of use or admissibility at trial shall be

determined by the Court at that time. Additionally, nothing herein requires the Court to seal the courtroom or transcript during trial. Any such requests must be made to the Court at an appropriate time before or during trial.

12. No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating materials as Confidential without first having obtained permission from the Court to do so.

13. Any party desiring to file a document under seal must first obtain leave from the Court in order to file the document under seal, or to require that the document or documents be filed under seal. It shall be within the sole discretion of the Court to determine whether said document or documents must be filed under seal. Before seeking to file information under seal, a party must comply with Fed. R. Civ. P. 5.2's redaction requirements, and may seek to file under seal only if redaction is impracticable.

So ordered, this 21st day of June, 2023.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE